UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Joseph Cycenas, | Civ. File No. 05-2268 (PAM/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| U.S. Bank, N.A., et al., | |
| Defendants. | |

This matter is before the Court on various Motions.  For the reasons that follow, the Court grants Defendants' Motions to Dismiss and Motion for Sanctions, and denies all other Motions.

**BACKGROUND**

This case arises from a dispute over several mortgages and security agreements executed between Plaintiff Edward Joseph Cycenas; his business, Siren Custom Woodworking; and Defendant U.S. Bank, N.A.[1]

**A.     Underlying Financial Transactions**

Cycenas is an officer and principal stockholder in Siren Custom Woodworking.  In May 2001, Siren Custom Woodworking borrowed $206,000 from U.S. Bank through a term note.  To secure payment of the note, Siren Custom Woodworking simultaneously executed a business security agreement, which gave U.S. Bank a security interest in various property interests of Siren Custom Woodworking.  To further secure payment of the note, Cycenas executed a mortgage in favor of U.S. Bank dated May 11, 2001.  The

---

[1] Technically, the transactions occurred between Siren Custom Woodworking and Firstar Bank, N.A., U.S. Bank's predecessor in interest.

1

mortgage covered a commercial property lot located in Burnett County, Wisconsin. In addition, Cycenas executed a continuing guaranty on May 11, 2001, under which Cycenas personally guaranteed all of Siren Custom Woodworking's obligations under the May 2001 note.

In July 2001, Cycenas executed a promissory note, wherein he promised to pay U.S. Bank $235,000. To secure payment of the July 2001 note, Cycenas executed a mortgage on a different commercial property lot located in Burnett County, Wisconsin.

In February 2002, Cycenas executed in favor of U.S. Bank a $50,000 promissory note. To secure this indebtedness, Cycenas executed a mortgage dated February 7, 2002. The mortgage covered the same commercial property lot as the May 2001 mortgage.

In March 2003, Siren Custom Woodworking executed a $20,000 revolving credit note. The mortgage and security agreements executed in May 2001 secured the March 2003 note. In addition, Cycenas executed a reaffirmation of guaranty under which he reaffirmed his personal liability for Siren Custom Woodworking's obligations.

Siren Custom Woodworking failed to remit payments under terms of the May 2001 and March 2003 notes. Similarly, Cycenas failed to make payments on the July 2001 and February 2002 notes. Consequently, U.S. Bank commenced two foreclosure actions against Cycenas in Burnett County, Wisconsin. In June 2005, the Wisconsin state court granted U.S. Bank summary judgment in both actions, ordered entry of judgment of foreclosure on the mortgages, and awarded U.S. Bank a contingent deficiency judgment against Cycenas. Cycenas did not appeal either judgment. Instead, he commenced this action.

**B.     This Action**

In this action, Cycenas claims that U.S. Bank must return all mortgages and security agreements to him, and that the interstate transportation of the documents constitutes mail fraud. He contends that he needs the originals to prove fraud and forgery, and believes that Defendants will destroy the notes to conceal their misconduct.

Cycenas seeks relief based on six causes of action — all of which are based on state common law. Count One alleges breach of contract, failure of consideration, and fraud. It is based on allegations that the mortgages and promissory notes are void and unenforceable because U.S. Bank advertised that it was insured by the Federal Deposit Insurance Corporation without disclosing that "U.S. Bank depositors were only insured if U.S. Bank were to be declared 'insolvent.'" (Compl. ¶ 35.) Count One is also apparently based on allegations that the May 2001 note is void and unenforceable because U.S. Bank falsely represented that it would return the note after 180 days, so thereafter only Siren Custom Woodworking would be responsible for the debt. (Id. ¶¶ 22-25.)

Count Two alleges that Defendants have uttered or possessed forged documents. (Id. ¶¶ 47-51.) Count Three claims that Defendants trespassed on the title to Cycenas's property and slandered Cycenas in fraudulent credit reports. (Id. ¶¶ 53-68.) In Count Four, Cycenas contends that U.S. Bank did not lend money to him and that Defendants have been unjustly enriched by receiving amounts paid towards the loans and through Cycenas's payment of property taxes. (Id. ¶¶ 70-91.) Counts Five and Six are reserved for claims of negligence and negligent infliction of emotional distress.

In addition to suing U.S. Bank, Cycenas has sued several bank officers, the attorney who represented U.S. Bank in the Wisconsin state foreclosure actions, the attorney's current and former law firms, and the spouses of the bank officers and the attorney.

After Cycenas commenced this action, the Wisconsin state court permanently enjoined Cycenas "from commencing or prosecuting in any other United States court, whether state or federal, any proceedings by which he attempts to attack, challenge, compromise or otherwise undermine the validity of the Court's Judgments entered into these actions on June 2, 2005, including the Court's orders of foreclosure." (Gray Aff., Dec. 28. 2005, Ex. C at 3.)

**DISCUSSION**

**A.     Motions to Dismiss**

Defendants submit that this Court lacks subject matter jurisdiction to review Cycenas's claims. A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge the complaint either on its face or on the factual truthfulness of its averments. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a defendant challenges the complaint on its face, the Court takes the factual allegations as true and will only dismiss the complaint if the plaintiff fails to allege an essential element for subject matter jurisdiction. Id.

    1.     Federal Question Jurisdiction

The parties dispute whether federal question jurisdiction exists. The Complaint alleges that the Court has jurisdiction arising "under inter alia Negotiable Instruments law

4

(international), federal banking laws; Fair Debt Collection Practices Act (15 U.S.C. 1601 et seq.); and the violation thereof to the injury of the complainant." (Compl. ¶ 2.) It also alleges that federal law is implicated by the interstate transportation of the security documents. (Id. ¶¶ 3-4.) Finally, it avers that the Court has jurisdiction based on the slander and trespass of a land patent, which was created pursuant to an act of Congress. (Id. ¶ 5.)

The Court has original jurisdiction over civil actions "arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. The relevant question for federal jurisdiction is whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363, 2368 (2005). Thus, federal question jurisdiction exists "when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 906 (8th Cir. 2005) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

"A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." Id. at 907 (citations omitted). If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate. Id. Moreover, when state law creates the cause of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or

5

the other claim is really one of federal law." McNeill v. Franke, 171 F.3d 561, 564 (8th Cir. 1999) (internal quotations and citations omitted). Thus, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id. (internal quotation and citation omitted).

Although the Complaint contains references to federal statutes, Cycenas has not asserted any federal claim and none of his state law claims implicate a significant federal issue. Thus, no federal question jurisdiction exists.

2.  Diversity Jurisdiction

Defendants submit that no diversity jurisdiction exists. To establish diversity jurisdiction, two requirements must be satisfied: the matter in controversy must exceed $75,000 and complete diversity must exist. 28 U.S.C. § 1332(a). When a plaintiff is a citizen of the same state as a defendant, diversity jurisdiction does not exist. Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2617-18 (2005).

The Complaint alleges that eight of the named Defendants are citizens of the State of Wisconsin. (Compl. ¶¶ 16-20.) The Complaint also recognizes that Cycenas domiciles in Wisconsin. (Id. ¶ 8.) While Cycenas claims to be a resident of the Republic of Wisconsin, and not the State of Wisconsin, the law does not recognize the validity of this assertion. See United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (rejecting tax protestor's assertion that he was citizen of the "Republic of Idaho"). Because Cycenas is a citizen of Wisconsin, complete diversity is lacking.

Because neither federal question nor diversity jurisdiction exists, the Court is deprived of jurisdiction over this action and therefore grants Defendants' Motions to

6

Dismiss. Accordingly, the Court dismisses as moot Cycenas's Motion for Order Directing Return of Property.

**B.   Motions for Sanctions**

Both parties have filed Motions for Sanctions under Federal Rule of Civil Procedure 11.[2] Federal Rule of Civil Procedure 11 requires that every pleading be signed by "at least one attorney of record in the attorney's individual name, or if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11. By signing the pleading, the attorney or unrepresented party certifies that the pleading is not being used for an improper purpose such as to harass or to cause unnecessary delay. Id. It also certifies that asserted claims are "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." Id. The "central purpose of Rule 11 is to deter baseless filings in district court and thus, . . . streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

The Court "applies a standard of 'objective reasonableness' to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose." Sands v. Prod. Credit Ass'n of Fairmont, No. 4-92-606, 1993 WL 23592, at *3 (D. Minn. Jan. 13, 1993) (Rosenbaum, J.) (citing Pulaski County Republican Comm. v. Pulaski Bd. of Election Comm'rs, 956 F.2d 172, 173 (8th Cir. 1992)). The Court applies this standard to

---

[2] Although Defendant Mackall Crounse & Moore did not file a Motion for Sanctions, the Court sua sponte joins Mackall Crounse & Moore to the Motion filed by all other Defendants.

7

pro se litigants. Id.; see also Carman v. Treat, 7 F.3d 1379, 1381 (8th Cir. 1993) (pro se litigant cannot disregard the Federal Rules of Civil Procedure).

Cycenas maintains that Rule 11 sanctions are appropriate against Defendants because no individual attorney signed the pleadings filed in this action. Rather, according to Cycenas, defense counsel are intentionally avoiding personal liability by practicing in a law firm that is a limited liability entity. This argument is completely meritless. Although the signature block identifies the law firm who employs the attorney, the individual attorney has signed each pleading and has therefore complied with Rule 11.

Defendants contend that Cycenas commenced this baseless action to harass them and to delay the foreclosures. They note that Cycenas neither opposed U.S. Bank's summary judgment motions nor appealed the adverse judgments in state court. Instead, he commenced this lawsuit.

The Court finds that Cycenas commenced this action in violation of Rule 11. Undoubtedly, Cycenas should have raised any challenge to the validity of the mortgages and security agreements in the previous state court proceedings. Instead, Cycenas now attempts to create federal question jurisdiction where none exists. In addition, he has sued individuals not even tangentially related to his dispute, and has failed to provide any good faith basis for holding the individuals personally liable for the purportedly incorrect actions. See Kurkowski v. Volcker, 819 F.2d 201, 203-04 (8th Cir. 1987) (upholding sanctions against a pro se plaintiff for bringing a frivolous lawsuit that was substantially identical to claims previously advanced and rejected by other courts and against a defendant with "absolutely no relationship" to the plaintiff). Accordingly, the Court finds

that a sanction against Cycenas is appropriate. Specifically, a permanent injunction similar to that imposed by the Wisconsin state court is warranted. See Nelson v. Butler, 929 F. Supp. 1252, 1259-60 (D. Minn. 1996) (Davis, J.) (enjoining pro se plaintiff from commencing any action against defendants relating to his marriage dissolution and child custody proceeding).[3]

**CONCLUSION**

The lack of either federal question or diversity deprives the Court of jurisdiction in this matter. Nonetheless, the Court finds that a sanction against Cycenas is appropriate to deter him from commencing vexatious litigation. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss (Clerk Doc. Nos. 4 and 10) are **GRANTED**;

2. Plaintiff's Motion for Order Directing Return of Property (Clerk Doc. No. 14) is **DENIED as moot**;

3. Plaintiff's Motion to Strike Answers to Complaint and Motions to Dismiss (Clerk Doc. No. 27) is **DENIED as moot**;

4. Defendants' Motion for Sanctions (Clerk Doc. No. 31) is **GRANTED**:

Cycenas, and anyone acting in concert or cooperation with him, is hereafter barred from filing any lawsuits in this or any other court located in the state of Minnesota, against any named Defendant in this action or regarding the above-described property, absent the signature of an attorney admitted to

---

[3] Although awarding Defendants their attorneys' fees and costs would be an additional deterrent, the Court believes that it is unwarranted and unnecessary. The Court finds that the injunction is the most effective way of ensuring that Cycenas does not cause Defendants to re-litigate the issues raised in this action.

this Court or prior leave of an appointed judicial officer of the state or federal courts of Minnesota.

5.  Plaintiff's Motion for Sanctions (Clerk Doc. No. 38) is **DENIED**; and

6.  The Complaint is **DISMISSED with PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 14, 2006

                                                    s/ Paul A. Magnuson
                                                    Paul A. Magnuson
                                                    United States District Court Judge